WILLIAM DENNIS, Appellant, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents.— In this action to recover damages for personal injuries by reason of defendants' alleged negligence and nuisance, the complaint was dismissed as to both defendants at the close of the plaintiff's case, and from the judgment in favor of defendants the plaintiff appeals. Judgment, insofar as it dismissed the complaint as to defendant Consolidated Edison Company of New York, Inc., unanimously affirmed, without costs. Judgment, insofar as it dismissed the complaint as to defendant Consolidated Telegraph & Electrical Subway Company, reversed on the law and a new trial granted, with costs to appellant to abide the event. The plaintiff made out a prima facie case of negligence against the subway company. Whether we consider that plaintiff's exhibit 4 or defendant subway's exhibit " E " was the copy of the map which had been sent by the subway company to Works Progress Administration, the evidence, unexplained, would justify a conclusion that the location of the conduit where the accident occurred was inaccurately stated on such map. In addition, the evidence, unexplained, would justify a conclusion that Clarke, the inspector of the subway company, placed the " keel " mark on the pavement in the wrong place by reason of his using the scale on the inaccurate map. We need not stop to consider whether the subway company was obligated to furnish information as to the location of the conduit by the map, or by the " keel " mark. Having assumed to act, the subway company was obligated to use

reasonable care, particularly in view of the fact that the conduit contained an electrical cable likely to prove dangerous to one digging in the street, as the plaintiff was doing. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.